UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM L. SMITH, | : |
| Petitioner | : CIVIL NO. 1:CV-15-0787 |
| vs. | : |
| | : (Judge Caldwell) |
| KENNETH CAMERON, *et al.*, | : |
| Respondents | : |

*M E M O R A N D U M*

I.   *Introduction*

On April 3, 2015, William L. Smith, an inmate at the state correctional institution in Houtzdale, Pennsylvania, filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petition challenges his May 31, 2007, convictions in the Court of Common Pleas of the Forty-First Judicial District of Pennsylvania, Perry County Branch, after a jury trial on various sex offenses.

On preliminary review, we have decided that the petition may be untimely and will require the parties to address that issue.  *See Day v. McDonough*, 547 U.S. 198, 209-10, 126 S.Ct. 1675, 1683-84, 164 L.Ed.2d 376 (2006)(district courts have the authority to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition); *United States v. Bendolph*, 409 F.3d 155, 166-67 (3d Cir. 2005)(en banc)(district court may raise the one-year statute of limitations on its own motion, provided the petitioner is afforded notice and an opportunity to respond).

II.   *Background*

On March 31, 2007, following a jury trial, Smith was convicted of various sex offenses involving minors.[1]  Sentencing was delayed pending assessment by the Sexual Assessment Board and a private evaluator.  Eventually, Smith was sentenced on March 7, 2008 to a term of fourteen and one-half years to thirty-seven years' incarceration.  (Doc. 1, ECF p. 1 and Doc, 1-2, ECF p. 2).  A timely Notice of Appeal was filed to the Superior Court of Pennsylvania on March 28, 2008.  On September 11, 2009, the superior court affirmed the decision of the trial court.[2]  Smith did not file a petition for allowance of appeal from the Pennsylvania Supreme Court.

On or about April 25, 2013, Smith filed a pro se petition for collateral relief under the Pennsylvania Post Conviction Act (PCRA), 42 PA. CON. STAT. ANN. §§ 9541 - 9546.  The PCRA Court denied the petition on July 1, 2014, without holding a hearing.  Smith did not file an appeal to the superior court.

Smith filed his federal habeas corpus petition on April 3, 2015.

---

[1]   The court takes judicial notice of the trial court's docket sheet, *Commonwealth v. Smith*, CP-50-CR-0000172-2006 which is available through Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/.

[2]   The court takes judicial notice of the superior court's docket sheet, *Commonwealth v. Smith*, 573 MDA 2008, which is available through Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/.

III.     *Discussion*

    A.     *Relevant Law*

A person confined under a state-court judgment has one year to file a 2254 petition challenging the judgment.  *See* 28 U.S.C. §2244(d)(1).  As relevant here, the limitations period runs from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  *Id.*  In Pennsylvania, a criminal defendant has thirty days from the date of sentencing to file a direct appeal with the Superior Court of Pennsylvania.  *See* Pa. R.A.P. 903.  A defendant has thirty days after the superior court renders its decision to file an appeal with the Supreme Court of Pennsylvania.  *See* Pa. R. App. P. 1113(a).  A defendant then has the right to seek certiorari review in the United States Supreme Court within ninety days of the Pennsylvania Supreme Court's decision.  A criminal judgment does not become "final" until the ninety-day period for seeking such review expires, even if review is not sought.  *Morris v. Horn,* 187 F.3d 333, 337 n.1 (3d Cir. 1999).

    The one-year federal limitations period is subject to both statutory and equitable tolling.  Statutory tolling for a federal habeas claim occurs during the time "a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ."  *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); 28 U.S.C. § 2244(d)(2).  A properly filed state petition "is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing."  *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998); *see also Pace v.*

*DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005) (where the state court rejects petitioner's PCRA petition as untimely, the petition "was not 'properly filed' and [petitioner is] not entitled to statutory tolling under § 2244(d)(2)"). An untimely petition for allowance of appeal, filed *nunc pro tunc,* with the Pennsylvania Supreme Court is not "properly filed." *See Douglas v. Horn*, 359 F.3d 257, 262 (3d Cir. 2004).

The limitations period may be subject to equitable tolling when the petitioner shows that he "has been pursuing his rights diligently," and yet "some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010). The determination is made on a case-by-case basis. *Ross v. Varano,* 712 F.3d 784, 799 (3d Cir. 2013). Equitable tolling can occur in several circumstances. *See Jenkins,* 705 F.3d at 88–91; *Urcinoli v. Cathel,* 546 F.3d 269, 273 (3d Cir. 2008); *Jones v. Morton,* 195 F.3d 153, 159 (3d Cir. 1999).

There is also an equitable exception to the statute of limitations established in *McQuiggin v. Perkins,* ___ U.S. ___, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013). In *McQuiggin,* the Supreme Court held that a convincing claim of actual innocence overcomes the bar of the statute of limitations. *Id.* at ___, 133 S.Ct. at 1928. On an actual innocence claim, "a petitioner must demonstrate two things. . . . First, a petitioner must present new, reliable evidence that was not presented at trial. *Schlup [v. Delo* ], 513 U.S. [298,] 324, 115 S.Ct. [851,] 865, [130 L.Ed.2d 808 (1995)]. Second, a petitioner must show by a preponderance of the evidence, "'that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.' *Id.* at 327,

115 S.Ct. at 867." *Houck v. Stickman,* 625 F.3d 88, 93 (3d Cir. 2010).  The court examines not just the new evidence but the old evidence as well.  *House v. Bell,* 547 U.S. 518, 538, 126 S.Ct. 2064, 2077, 165 L.Ed.2d 1 (2006).  "[A]ctual innocence requires a showing of factual innocence, not mere legal insufficiency."  *Sweger v. Chesney,* 294 F.3d 506, 523 (3d Cir. 2002 ).

### B. *Calculation of Smith's Limitations Period*

Smith's judgment of conviction became final on October 12, 2009, the expiration of the thirty-day period for filing an appeal with the Pennsylvania Supreme Court.  The one-year statute of limitations began running on that date.  Accordingly, Smith had until October 12, 2010, to file a timely federal habeas petition.

Smith filed his PCRA petition on April 25, 2013, approximately two years, six months and 13 days after the federal limitations period ended.  Thus, Smith's PCRA petition provides him no statutory tolling benefit.

Smith did not file his § 2254 petition until April 3, 2015, more than four years, five months and twenty-two days after the limitations period expired.[3]  The petition thus appears to be untimely.

---

[3] The petition was docketed on April 10, 2015, but Smith affirms he placed it in the prison mail system on April 3, 2015, so under the prison mailbox rule, we consider April 3, 2015, the filing date.  *See Longenette v. Krusing,* 322 F.3d 758, 761 (3d Cir. 2003).

IV.     *Conclusion*

It appears that the petition must be dismissed as untimely.  However, we must give Smith an opportunity to oppose our invocation of the statute of limitations.  *See Day, supra; Bendolph, supra*.  He may be able to establish that our statutory-tolling analysis is incorrect, or that equitable tolling or the equitable exception applies, and thus that his petition is timely after all.  We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: May 27, 2015